

VIA ACMS FILING

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

July 29, 2024

Re:    *Roe v. Critchfield*, Case No. 23-2807
       *Response to Notice of Supplemental Authority Pursuant to Fed. R. App. P.*
       *28(j) and Circuit R. 28-6*

Dear Ms. Dwyer:

The lynchpin across all of Defendants' authorities is the view "that *Bostock* does not apply to Title IX." *Louisiana v. U.S. Dep't of Educ.*, No. 3:24-CV-00563, 2024 WL 2978786, at *10 (W.D. La. June 13, 2024); *see also Tennessee v. Cardona*, 2024 WL 3019146, at *11 (E.D. Ky. June 17, 2024) (holding that Sixth Circuit precedent limits *Bostock* to Title VII). But, as *Louisiana* observed, that view conflicts with Ninth Circuit precedent. 2024 WL 2978786, at *10 n.48. Idaho thus attempted to bypass its own circuit by decamping for a forum it perceived as more favorable. At most, however, the *Louisiana* preliminary injunction enjoins the federal defendants there from taking enforcement action



against the plaintiffs.  It does not and cannot touch any injunction as between Idaho and others who were not party to that litigation.

Moreover, Defendants' authorities are wholly non-responsive to the reasoning in *Bostock*, which does *not* depend on the meaning of "sex."  Rather, *Bostock* holds that even if sex is defined solely by biology, discrimination against a transgender person necessarily causes injury on that basis.  Defendants' authorities, which quarrel with the meaning of sex, are *non sequiturs* to *Bostock*'s core logic.  They also openly rely on the dissenting views in *Bostock*.  *Texas v. United States*, No 2:2-24-CV-86-Z, 2024 WL 3405342, at *6 (N.D. Tex. July 11, 2024).

Defendants' authorities also disregard Title IX's statutory text, which contains a precisely worded exception for "living facilities" that is plainly limited to facilities in which one lives, 20 U.S.C. § 1686, and attempt to judicially rewrite that language to expand its scope.  Whatever the appeal of such an expansion— including the notion that it would lead to a more consistent policy—it cannot overcome the plain meaning of the words that Congress actually chose.

Finally, Defendants would have this Court align itself with decisions that question whether gender identity has "'no basis in reality'" and whether "normalizing nonconforming gender identity may actually cause harm."  *Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, 2024 WL 3381901, at *4, 5 (N.D. Tex. July 11, 2024).  That speaks volumes.

Respectfully submitted,

s/ Peter C. Renn

Peter C. Renn
Counsel for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the Ninth Circuit by using the

appellate ACMS system on July 29, 2024. I certify that all participants in the

case are registered ACMS users and that service will be accomplished by the

appellate ACMS system.

*s/ Peter C. Renn*
Peter C. Renn
